## No. 9890.

### WEISS *v.* GOAD.

Decided February 6, 1922. Rehearing denied March 6, 1922.

Action for libel. Judgment for plaintiff.

### *Reversed.*

LIBEL AND SLANDER—*Truth of Charge.* On review of the case in an action for libel, held that the defense of "truth of the charge" was established by the evidence, and judgment for plaintiff reversed.

*Error to the District Court of Rio Grande County, Hon. W. N. Searcy, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. JESSE STEPHENSON, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

GOAD had a verdict and judgment against Weiss for $1000.00 for libel. The libel was an accusation that Goad stole $372.98 from the county of which he was sheriff.

One of the defenses was the truth of the charge. It appears, from the libel itself, that the accusation was not of larceny by physical taking, but of obtaining unlawfully. If then the $372.98 was obtained unlawfully by fraud or otherwise, the charge was true.

Goad was shown by the evidence to have presented to the board of county commissioners a bill for items of expense to the amount of $372.98, which items were all included in another bill presented at the same time. Both bills were allowed and he got the money on them both.

He says in his testimony that this was a mistake; that the county attorney had asked him to itemize his expenses, and that he therefore itemized them separately, and that he did not know he had collected the money for them twice till the expert who examined his books told him. He testifies, however, that he put in both bills at the same time, verified by oath, knowing that said items were duplicated, and that he knew they were duplicated when the bills were allowed and he got the money on them without ever calling the board's attention to the fact. He also testifies that in other cases he took money knowing he was receiving pay twice, and admits that he took duplicate pay many other times,—which he says were oversights. Under these admissions we must say that the evidence was insufficient to justify the verdict.

Reversed and remanded.

MR. JUSTICE WHITFORD dissents.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.